U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| IN RE: | ] CHAPTER 11 |
| | ] |
| FLANAGAN's LIMITED | ] |
| LIABILITY COMPANY | ] CASE NO. 10-30007 LMW |
| Debtor | ] |
| | ] |
| | ] |
| TD BANK, N.A. | ] |
| Movant | ] |
| V. | ] |
| FLANAGAN's LIMITED | ] |
| LIABILITY COMPANY | ] |
| Respondent | ] JANUARY 5, 2010 |

### MOTION FOR RELIEF FROM STAY

The undersigned Movant, TD BANK, N.A., fka TD BANK NORTH, N.A., a secured creditor of the above named Debtor ("Debtor"), by and through its undersigned attorneys, pursuant to 11 U.S.C. § 362(d) and Bankruptcy Rule 4001, moves this Court for an Order affording relief from the automatic stay imposed by 11 U.S.C. § 362(a) ("Stay") and as grounds therefore respectfully represents the following to the Court:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334 and Section 157 (b)(2)(G) and 11 U.S.C. Section 362 and Section 105. The matter set forth herein constitutes a case proceeding.

2. By its Term Note (the "NOTE 1"), dated August 1, 2006, the Defendants FLANAGAN's LIMITED LIABILITY COMPANY and MURPHY MOVING & STORAGE, INC., ("BORROWER") promised to pay to the order of the T.D. BANKNORTH, N.A., ("LENDER"), the principal sum of One Million Seven Hundred Thousand and no/100 ($1,700,000.00) Dollars, payable with interest thereon as provided in said NOTE 1. A copy of said Note is hereto annexed as Exhibit A.

3. By its Mortgage Deed and Security Agreement (the "MORTGAGE") dated August 1, 2006, Defendant FLANAGAN's LIMITED LIABILITY COMPANY, to secure said NOTE, mortgaged to TD BANKNORTH, N.A, all of its right, title and interest in a certain piece or parcel of land more particularly identified 20 Knollwood Drive situated in the Town of Clinton, County of Middlesex and State of Connecticut, ("PREMISES") as is more particularly described in Schedule A hereto annexed. Said Mortgage was recorded on September 11, 2006 in Volume 404 at Page 467 of the Clinton Records. A copy of said Mortgage is hereto annexed as Exhibit B.

4. Subsequent to the execution date of said NOTE and MORTGAGE, TD BANKNORTH, N.A. changed its name to TD BANK, N.A.

5. On or about May 15, 2008, the movant commenced an action to foreclose the above referenced mortgage in the Superior Court, State of Connecticut, Judicial District of Middlesex at Middletown, the case being more particularly identified as Docket No. CV-08-5004597S ("State

Court Foreclosure Action").

6. on January 26, 2009, the Court (*Holzberg, J.*), entered a **Judgment of Strict Foreclosure** in connection the above referenced matter and found the debt due the Plaintiff to be $1,771.027.35 and awarded attorney's fees in the amount of $4,365.00, appraisal fee of $3,500.00 and a title search of $140.00. The Court found the value of the subject property to be $1,710,000.00 and assigned the commencement of law dates for April 15, 2009. A copy of the Notice of Judgment is hereto annexed as Exhibit C.

7. On April 14, 2009, the respondent, FLANAGAN's LIMITED LIABILITY COMPANY, filed a voluntary petition for a Chapter 11 Bankruptcy in the United States Bankruptcy Court, District of Connecticut (New Haven), CASE NO.09-30912 LMW.

8. The Movant, TD BANK, N.A. filed a Motion for Relief from Stay on or about April 30, 2009 in CASE NO.09-30912 LMW.

9. CASE NO.09-30912 LMW was dismissed on June 18, 2009.

10. The Movant returned to The State of Connecticut, Superior Court and on or about July 13, 2009, the Court (*Taylor, J.*), granted the plaintiff's motion to reset law days and entered a **Judgment of Strict Foreclosure** in connection with the above referenced matter. The Court found the debt due the plaintiff to be $1,832,507.90 and awarded additional attorney's fees in the amount of $2,250.00 and an additional appraisal fee of $500.00. The Court found the value of

the subject property to be $1,710,000.00 and assigned a law date of September 7, 2009.

11. On September 4, 2009, the respondent, FLANAGAN's LIMITED LIABILITY COMPANY, filed a voluntary petition for a Chapter 11 Bankruptcy in the United States Bankruptcy Court, District of Connecticut (New Haven), CASE NO.09-32472 LMW.

12. The Movant, TD BANK, N.A. filed a Motion for Relief from Stay on or about September 14, 2009 in CASE NO.09-32472 LMW.

13. CASE NO.09-32472 LMW was dismissed on October 25, 2009.

14. The Movant returned to The State of Connecticut, Superior Court and on or about November 9, 2009, the Court (*Holzberg, J.*), granted the plaintiff's motion to reset law days and entered a **Judgment of Strict Foreclosure** in connection with the above referenced matter. As of November 9, 2009 the Court found the debt due the plaintiff to be $1,873,800.05 and awarded additional attorney's fees in the amount of $1,850.00. The Court found the value of the subject property to be $1,710,000.00 and assigned a law date of January 4, 2010.

15. On January 4, 2010, the respondent, FLANAGAN's LIMITED LIABILITY COMPANY, filed a voluntary petition for a Chapter 11 Bankruptcy in the United States Bankruptcy Court, District of Connecticut (New Haven), CASE NO.10-30007 LMW.

16. The filing of said petition operated as a stay, applicable to all entities, of the commencement or continuation of any action against the Debtor and its property pursuant to 11

U.S.C. Section 362.

17. Movant seeks relief for the purpose of opening the state court judgment and reassignment of the law days in the state court foreclosure action and obtain possession of the aforementioned collateral held by the Debtors more particularly identified as 20 Knollwood Drive situated in the Town of Clinton, County of Middlesex and State of Connecticut and in Schedule A hereto annexed..

18. On November 9, 2009 the Court found the debt due the plaintiff to be $1,873,800.05 and awarded additional attorney's fees in the amount of $1,850.00 in addition to prior attorney's fees awarded in the amount of $6,615.00, appraisal fee of $3,500.00 and a title search of $140.00 as found by the court at the time of entry of the judgment of strict foreclosure together with costs of suit taxed at $987.40.. The Court found the value of the subject property to be $1,710,000.00 on January 26, 2009. The judgment debt has been accruing interest at an annual rate of seven and one half (7½ %) percent with a per diem of $343.33 resulting in a total debt as of the date of this motion of $1,893,713.13. As of the date of this motion, there is a deficiency of $183,713.10.

19. A party in interest is entitled to relief from stay pursuant to 11 U.S.C. § 362(d)(1), for cause, including lack of adequate protection of its interest in the subject property. The Debtors have not provided adequate protection of Movant's interest in their property on the above obligation and therefore the Movant is entitled to relief from stay pursuant to 11 U.S.C. §

362(d)(1) for cause.

20. A party in interest is entitled to relief from stay pursuant to 11 U.S.C. § 362(d)(2), if the Debtors have no equity in the Property and the Property is not necessary for an effective reorganization. The Movant is entitled to relief from stay pursuant to 11 U.S.C. § 362(d)(2)(A) because there is no realizable equity for the Debtor or any unsecured creditors if they exist and the property is not necessary for an effective reorganization.

21. The Movant requests that the Order be binding and effective in any bankruptcy case commenced by or against the above-named Debtor(s) for a period of 180 days so that no further automatic stay shall arise in that case as to the Property.

22. The Movant finally requests that this court order that Bankruptcy Rule 4001(a)(3) is not applicable so that Movant may immediately enforce and implement the requested order modifying the automatic stay.

WHEREFORE, the Movant requests:

A. relief from Stay by allowing Movant to re-open the Judgment of Strict Foreclosure in the matter of TD BANK NORTH , N.A. v. FLANAGAN's LIMITED LIABILITY COMPANY , et al., Docket No. CV-08-5004597 S, entered by the Superior Court within and for the Judicial District of Middlesex at Middletown on Jul 13, 2009 for the purpose of reassignment of Law Days.

B. the Order be binding and effective in any bankruptcy case commenced by or against the above-named Debtor(s) for a period of 180 days so that no further automatic stay shall arise in that case as to the Property.

C. that Fed.R.Bankr.P. 4001(a)(3) be declared inapplicable and that the Movant be permitted to immediately enforce the order.

Dated in New Haven, Connecticut this 5th day of January, 2010.

          THE MOVANT TD BANK, N.A.

          BY: /s/ Scott C. DeLaura
          Scott C. DeLaura
          PALUMBO & DELAURA, LLC
          528 Chapel Street
          New Haven, CT 06511
          Tel. (203) 773-1113
          Fax (203) 773-1597
          Federal Bar No. Ct 24157

PROPOSED O R D E R: MOTION FOR RELIEF FROM STAY

Upon Motion For Relief From The Automatic Stay Doc. I.D. no._____, having been properly served upon the Debtors, and the Trustee and the motion having been heard by the Court and it appearing that there is good cause to grant relief from stay, it is hereby:

ORDERED, that in accordance with Section 362(d), the automatic stay of proceedings is hereby terminated as to TD BANK, N.A., to permit the Movant, TD BANK, N.A. to open the Judgment of Strict Foreclosure in the matter of TD BANK NORTH , N.A. v. FLANAGAN's LIMITED LIABILITY COMPANY , et al., Docket No. CV-08-5004597 S, entered by the Superior Court within and for the Judicial District of Middlesex at Middletown on January 26, 2009 for the purpose of reassignment of Law Days and obtain possession of the aforementioned collateral held by the Debtor more particularly identified as 20 Knollwood Drive situated in the Town of Clinton, County of Middlesex and State of Connecticut.

It is further Ordered that this Order be binding and effective in any bankruptcy case commenced by or against the above-named Debtor(s) for a period of 180 days so that no further automatic stay shall arise in that case as to the Property.

It is further Ordered that the 10 day stay of Fed.R.Bankr.P. 4001(a)(3) be declared inapplicable and that the Movant be permitted to immediately implement this order granting relief from automatic stay.

**No deficiency judgment shall be enforced as against the Debtor Flanagan's Limited Liability Company, LLC without further order of this Court.**

Dated in New Haven, Connecticut this \_\_\_\_\_ day of _____, 200\_\_.

_____

UNITED STATES BANKRUPTCY JUDGE

U.S. BANKRUPTCY COURT
                DISTRICT OF CONNECTICUT
                  NEW HAVEN DIVISION

| IN RE: | ] CHAPTER 11 |
| --- | --- |
| FLANAGAN's LIMITED LIABILITY COMPANY | ] |
| | ] CASE NO.10-30007 LMW |
| Debtor | ] |
| | ] JANUARY 5, 2010 |

CERTIFICATION OF SERVICE

This is to certify that on the above date, a copy of the attached Motion for Relief From Stay was filed electronically and mailed, first class mail, postage prepaid, to all parties on the Service List attached hereto.

Dated at New Haven, Connecticut this 5th day of January, 2010

                                        BY /s/ Scott C. DeLaura
                                        Scott C. DeLaura
                                        PALUMBO & DELAURA, LLC
                                        528 Chapel Street
                                        New Haven, CT 06511
                                        Tel. (203) 773-1113
                                        Fax (203) 773-1597
                                        Federal Bar No. Ct 24157

SERVICE LIST

U.S. TRUSTEE

District of Connecticut
One Century Tower
265 Church Street Suite 1103
New Haven, CT 06510

DEBTOR

Flanagan's Limited Liability Company
P.O. Box 34
Clinton, CT 06413

ATTORNEY

Peter L. Ressler
Groob, Ressler & Mulqueen, P.C.
123 York Street, Suite B
New Haven, CT 06511